IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERMAN B. A., <br><br>  Petitioner, <br><br> v. <br><br> STEVEN AHRENDT, <br><br>  Respondent. | HON. JOHN MICHAEL VAZQUEZ <br><br> Civil Action <br> No. 18-17579 (JMV) <br><br> **OPINION** |

**VAZQUEZ, District Judge:**

I.  **INTRODUCTION**

Petitioner, through his attorney, Reza Mazaheri, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing immigration detention since March 16, 2018. (DE 1.) For the reasons stated herein, the petition is denied without prejudice.

II.  **BACKGROUND**

Petitioner is a native and citizen of Honduras who entered the United States without authorization. (*See* DE 1-1, Ex. 5 at PageID: 66.) Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") on March 16, 2018. (*See*, *e.g.*, DE 5-3.) Petitioner has been detained at the Bergen County Jail ("BCJ") in Hackensack, New Jersey, since that time. (*See*, *e.g.*, DE 1 at ¶ 9.) Upon being taken into custody, Department of Homeland Security ("DHS") served Petitioner with a Notice of Custody Determination informing him that he was he was being detained under 8 U.S.C. § 1226(a), that he would continue to be detained during the pendency of his immigration case, and that he could request a bond hearing at which DHS's custody decision would be reviewed by an immigration judge ("IJ"). (DE 1-1, Ex. 6 at PageID: 69-71.)

Petitioner requested "a bond hearing to review [DHS's] custody determination" on March 16, 2018. (*Id.* at PageID: 69.) On July 3, 2018, he "submitted a comprehensive bond packet with accompanying evidence." (DE 1 at ¶ 46; *see also* DE 1-1 at Ex. 9.) On July 6, 2018, IJ Lauren T. Farber conducted a bond hearing and issued an order formally denying Petitioner's release on bond. (*See* DE 1 at ¶¶ 45, 47; DE 1-1, Ex. 10 at PageID: 117; *accord* DE 5-8 at 1.) IJ Farber later explained that "[d]uring the [July 6th] bond hearing, [she] considered the documentary evidence, representations, and arguments of both parties, and determined that [Petitioner] did not meet his burden on the question of danger to the community." (DE 5-8 at 2.)

"On September 28, 2018, Petitioner filed his first bond reconsideration request with the immigration court[.]" (DE 1 at ¶ 53; DE 1-1, Ex. 15 at PageID: 142-47.) On November 1, 2018, Petitioner's counsel submitted a letter to IJ Farber asking for an immediate ruling on that application in light of Petitioner's recent sexual assault at BCJ. (DE 5-6.) On November 13, 2018, IJ Farber denied Petitioner's first bond reconsideration request, finding that he "ha[d] not shown a change [with respect to her prior finding that Petitioner's release posed a] danger to [the] community." (DE 5-7.) On December 27, 2018, Petitioner "filed a second request for the IJ to reconsider its bond decision." (DE 5-8 at 2.) On December 28, 2018, IJ Farber denied Petitioner's second bond reconsideration application "because [Petitioner did] not put forth any materially changed circumstance that undermines the [immigration] court's prior finding that he poses a danger to the community." (*Id.*) It appears that Petitioner never appealed any of IJ Farber's bond-specific decisions to the Board of Immigration Appeals (the "BIA"). (*See id.*) The foregoing therefore appears to represent Petitioner's only efforts to challenge DHS's custody determination in the immigration courts.

On March 8, 2019, Petitioner advised this Court that IJ Farber "issued an order [on March 5, 2019] denying all of [Petitioner's] applications for relief and ordered him to be removed from the United States." (DE 6.) Petitioner's March 8th letter indicates that he will be appealing IJ Farber's March 5, 2019 decision to the BIA, that it "may take many months for the [BIA] to [rule on that appeal,]" and that Petitioner "will [likely] continue to be detained for an indefinite period of time [during the pendency of that appeal]." (*Id.*)

Petitioner filed his habeas corpus petition on December 26, 2018 (the "§ 2241 Petition"). (DE 1.) Petitioner requests that this Court order his release from immigration custody, or, in the alternative, that this Court order another bond hearing before an IJ. (*See id.* at 34-35.) Respondent (the "Government") answered Petitioner's habeas petition on February 19, 2019. (DE 5.) The Government argues that the § 2241 Petition should be denied because Petitioner "has failed to show that his detention amounts to a deprivation of his Due Process rights[.]" (*Id.* at 1.) Instead, says the Government, Petitioner's "[d]etention pursuant to [8 U.S.C. §] 1226(a) remains lawful as Petitioner was provided a bond hearing as requested and his removal proceedings remain pending." (*Id.* at 4.) In that respect, the Government also notes that "there is no indication that [Petitioner's July 6th] bond hearing was not *bona fide*" and that Petitioner has never appealed IJ Farber's bond-specific decisions to the BIA. (*Id.* at 1.)

### III. ANALYSIS

Under 28 U.S.C. § 2241(c), habeas relief may be extended to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at § 2241(c)(3). At issue here is whether the facts and circumstances of Petitioner's 16-plus months in custody render that detention unconstitutional.

As noted, Petitioner has, since March 16, 2018, been subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). Section 1226 vests the Attorney General ("AG") with statutory authority to detain aliens in removal proceedings before the issuance of a final order of removal, *e.g.*, during the "pre-removal" period. In that respect, § 1226(a) specifically authorizes the AG to detain or release an alien pending a decision on whether the alien is to be removed from the United States. *See id.* at § 1226(a)(1)-(2) ("[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in [8 U.S.C. § 1226(c)[1]] and pending such decision, the [AG] . . . may continue to detain the arrested alien; and may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the [AG]; or conditional parole"). Importantly, "[a]liens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can 'demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings.'" *Ricardo A. C.-R. v. Ahrendt*, No. 18-17177, 2019 WL 2061244, at *2 (D.N.J. May 9, 2019) (citing *Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009)).

Here, Petitioner's application for release on bond was denied by IJ Farber on July 6, 2018, after the IJ conducted an individualized bond hearing for Petitioner. The record before this Court indicates that IJ Farber, "[d]uring the [July 6th] bond hearing, considered the documentary evidence, representations, and arguments of both parties, and determined that [Petitioner] did not meet his burden on the question of danger to the community." (DE 5-8 at 2.) Petitioner, consistent with this record evidence, does not suggest that his July 6th bond hearing was not *bona fide*.

---

[1] 8 U.S.C. § 1226(c) speaks to mandatory detention pending the outcome of removal proceedings for certain criminal aliens. Section 1226(c) is inapplicable to Petitioner.

4

Instead, Petitioner seeks habeas relief from this Court based solely on the purportedly overlong nature of his present detention. Petitioner, in other words, argues that his immigration detention at BCJ since March 16, 2018 has now become so unreasonably prolonged as to render that confinement unconstitutional. (*See* DE 1 at, *e.g.*, ¶ 95.) Petitioner, as already noted, requests that this Court order his release from immigration custody, or, in the alternative, that this Court order another bond hearing before an IJ. (*See id.* at 34-35.)

The Third Circuit's 2018 decision in a factually similar case, *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018), demonstrates why this Court is precluded from granting those requests, or any other form of habeas relief, to Petitioner. *Borbot*, like the present matter, concerns a § 1226(a) immigration detainee challenging the constitutionality of his detention under 28 U.S.C. § 2241. *Borbot*, 906 F.3d at 275. In *Borbot*, the § 2241 petitioner, Igor Borbot, was arrested and detained by ICE on April 22, 2016. *Id.* "Shortly after his arrest, Borbot applied [to the immigration court] for release on bond. An IJ denied his application after a hearing, finding that Borbot failed to meet his 'burden in establishing [that] he does not pose a risk of danger to property.'" *Id.* at 276. The BIA subsequently affirmed the IJ's denial of bond to Borbot. *Id.* Thereafter, on April 13, 2017, the IJ denied Borbot's request for "a [bond] redetermination hearing . . . , finding that there had been no material change in [his] circumstances." *Id.*

Approximately three months later, Borbot filed a § 2241 petition in United States District Court "alleging that his continued detention deprived him of due process unless the government could show 'clear and convincing evidence of risk of flight or danger to the community.'" *Id.* "On July 19, 2017, nearly 15 months after Borbot's arrest, the District Court dismissed his petition, . . . concluding that Borbot was not entitled to a new bond hearing unless he could show that he was

denied due process in his initial hearing, which he did not attempt to do." *Id.* The Third Circuit affirmed the District Court's dismissal on October 16, 2018. *Id.* at 280. Critically, and notwithstanding that the *Borbot* Court "recognize[d] Borbot's concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged," it found no basis to conclude that Borbot's detention was "unreasonably prolonged" on the record before it. *Id.* at 280.

Here, Petitioner, like in *Borbot*, "seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received." *Id.* at 279. Instead, and as was the case in *Borbot*, "the duration of [Petitioner's] detention is the sole basis for [constitutional] challenge [to his 16-plus months of detention]." *Id.* at 276. While acknowledging "that, despite an initial bond hearing, [an immigration detainee's] detention under § 1226(a) might become unreasonably prolonged," this Court, like the *Borbot* court, is unable "to identify a basis in the record to demonstrate that [Petitioner's current 16-plus months of detention represents] such a case." *Id.* at 280. Again, Petitioner received an individualized bond hearing on July 6, 2018, and he has provided no evidence of any constitutional defect in that hearing.

Furthermore, unlike in *Borbot*, Petitioner never appealed IJ Farber's July 6th bond denial with the BIA, the proper administrative body with authority to review the IJ's bond decision. *See Hugo A. A. Q. v. Green*, No. 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("To the extent Petitioner is dissatisfied with the IJ's decision at his . . . bond hearing, his remedy is to appeal that decision to the BIA . . . ."); *see also Medrano v. Taylor*, No. 17-5521, 2018 WL 2175774, at *4 (D.N.J. May 11, 2018) ("This Court . . . does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond."); *accord Borbot*, 906 F.3d at 279 ("[A]sking this Court to directly review the IJ's bond decision [is] a task Congress has expressly forbidden [district courts] from undertaking."). Insomuch as Petitioner is seeking habeas

relief from this Court based solely on his disagreement with IJ Farber's bond decision, the proper recourse is to appeal that decision to the BIA. *See Hugo A. A. Q.*, 2018 WL 3993456, at *3.

To summarize, Petitioner's detention at BCJ pursuant to § 1226(a) since March 16, 2018, standing alone, fails to demonstrate that his discretionary detention has become so unreasonably prolonged so as render that confinement unconstitutional. *Borbot*, 906 F.3d at 275, 280 (affirming district court's dismissal of Borbot's § 2241 petition 15 months after he had initially been detained by ICE). Moreover, the record of Petitioner's underlying immigration proceedings shows that Petitioner received a bond hearing before an IJ on July 6, 2018. There is nothing before this Court which indicates that this hearing was improperly conducted or was, in any other way, not *bona fide*. Finally, Petitioner has not presented any other evidence that suggests that his present detention otherwise violates the Constitution. In light of these considerations, and for the additional reasons detailed above, Petitioner's § 2241 Petition is denied.

## IV. CONCLUSION

For the reasons stated above, the § 2241 Petition is denied without prejudice. An accompanying Order follows.

August 6, 2019  
Date

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge